# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 25, 2016 at Knoxville

## STATE OF TENNESSEE v. SEDRICK DARION MITCHELL

**Appeal from the Circuit Court for Bedford County**
**No. 18123     Forest A. Durard, Jr., Judge**
_____

**No. M2016-00559-CCA-R3-CD – Filed November 4, 2016**
_____

Sedrick Darion Mitchell ("the Defendant") was convicted of failure to appear after a jury trial. The trial court sentenced him to serve six years at sixty percent release eligibility in the Department of Correction. On appeal, the Defendant argues that the evidence introduced at trial was insufficient and that the sentence imposed by the trial court is excessive and contrary to law. After a thorough review of the record and applicable law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

M. Wesley Hall IV, Unionville, Tennessee, for the appellant, Sedrick Darion Mitchell.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Robert Carter, District Attorney General; and Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural Background

*Trial*

The Defendant had been arrested previously in Bedford County for sale of a Schedule II drug, possession of a Schedule II controlled substance for resale, possession of a Schedule VI controlled substance for resale, and possession of drug paraphernalia. The Defendant was ordered to appear on January 27, 2015, in Bedford County General Sessions Court ("general sessions court") but failed to appear in court. On August 15,

2015, the Bedford County Grand Jury indicted the Defendant for one count of Class E felony failure to appear in case number 18123.

At a subsequent trial in case number 18123, Lieutenant Kevin Roddy, with the Bedford County Sheriff's Department, testified that on January 9, 2015, Tim Miller, the Assistant Director of the 17th Judicial District Drug Task Force ("DTF"), contacted him regarding the Defendant. Assistant Director Miller asked Lieutenant Roddy to conduct a traffic stop on the Defendant in Shelbyville. Assistant Director Miller and Tim Lane, the Director of DTF, then gave Lieutenant Roddy a warrant relating to general sessions case number 103079 to arrest the Defendant for sale of a Schedule II drug. Lieutenant Roddy identified the warrant at trial, and the trial court admitted the warrant into evidence. Lieutenant Roddy testified that, after he arrested the Defendant, he took the Defendant to the judicial commissioner's office to set a bond amount and a date for the Defendant's court appearance. Lieutenant Roddy stated that the front of the Defendant's arrest warrant displayed the date of the Defendant's court appearance, January 27, 2015. Additionally, Lieutenant Roddy testified that he prepared a Bedford County Sheriff's Department prisoner fact sheet for the Defendant during the meeting with the judicial commissioner, which also reflected the Defendant's next court date. Lieutenant Roddy read the warrant aloud to the Defendant, including the appearance date, and made a copy of the warrant for the Defendant. The judicial commissioner asked the Defendant if he had any questions about his court date, the bond, or his charges, and the Defendant had no questions.

Assistant Director Miller testified that he was employed by the Bedford County Sheriff's Department and had been assigned to the DTF for over fifteen years. He stated that he contacted Lieutenant Roddy on January 9, 2015, and asked him to stop the Defendant's vehicle. He then met Lieutenant Roddy and gave him an arrest warrant for the Defendant. Assistant Director Miller served additional arrest warrants for possession of drug paraphernalia, possession of a Schedule II controlled substance for resale, and possession of a Schedule VI controlled substance for resale on the Defendant later that day. Assistant Director Miller testified that the three additional warrants and the prisoner fact sheet prepared during the Defendant's meeting with the judicial commissioner all displayed the date that the Defendant was scheduled to appear in general sessions court for case number 103079. Assistant Director Miller stated that he explained to the Defendant that his court appearance was set for January 27, 2015, but accidentally stated that the appearance was at 9:00 p.m. Assistant Director Miller testified that the Defendant corrected him that the appearance was set for 9:00 a.m., not p.m. On redirect examination, Assistant Director Miller clarified that he had one warrant served on the Defendant and personally served three other warrants on the Defendant on January 9, all of which displayed the Defendant's court date set for January 27, 2015. He identified the three additional warrants and the trial court admitted them into evidence.

Allan Debowsky, the owner of Debo's Bail Bond Company, testified that his company "bonded out" the Defendant on January 14, 2015. Mr. Debowsky testified that he arranged for three individuals to co-sign on the Defendant's bond. Mr. Debowsky stated that the Defendant signed a bonding contract with his company, which displayed the date for the Defendant's court appearance. Mr. Debowsky noted that one of the conditions that the Defendant agreed to under the bonding contract was to appear in court. Mr. Debowsky also testified that he attempted to contact the Defendant to remind him of his upcoming court appearance, but he could not reach the Defendant at any of the phone numbers that the Defendant provided to him. Mr. Debowsky then contacted the Defendant's wife, who did not know where the Defendant was living. Lastly, Mr. Debowsky testified that both he and the Defendant signed the appearance bond, which also displayed the Defendant's court date.

DTF Director Tim Lane testified that, as part of his duties as Director, he was "responsible for the tracking of criminal cases in the court system." Director Lane stated that on January 9, 2015, he was present at the traffic stop when Assistant Director Miller gave Lieutenant Roddy an arrest warrant for the Defendant. Director Lane later learned that the Defendant's court appearance had been set for January 27, 2015, and on that day, Director Lane attended general sessions court. Director Lane did not see the Defendant in court, and the Defendant did not respond when the general sessions judge called his name. On February 6, 2015, Director Lane found the Defendant at a hotel in Bedford County. Director Lane testified that when he asked the Defendant why he did not appear in court the Defendant stated that "he decided not to go to court because he was afraid he was going to get arrested." The jury found the Defendant guilty of failure to appear.

*Sentencing Hearing*

At a sentencing hearing, the trial court determined that the Defendant had eight prior felony convictions and, therefore, was a career offender. The trial court noted that, as a career offender, the Defendant's sentence for a Class E felony was a mandatory sentence of six years with a sixty percent release eligibility. The trial court also noted that, although the court was not required to consider enhancement or mitigating factors, it found that several enhancement factors applied to the Defendant's case. The trial court found that the Defendant was on community corrections when he committed the current offense and had "a very extensive history of criminal [activity]." The trial court ordered the Defendant to serve the six-year sentence for failure to appear consecutively to his prior Rutherford County convictions. The trial court noted that, as a career offender, the Defendant was "not considered to be a favorable candidate for alternative sentencing" and stated it had considered "the [p]resentence [r]eport[,] . . . the nature of the offense[,] [the] nature of [the Defendant's] past criminal history[,] expectations of rehabilitation[,

and] whether or not the [D]efendant would abide by the terms of his probation." The trial court found that the Defendant would not abide by the terms of his community release, that society needed to be protected from the Defendant's future criminal conduct, that "measures less restrictive than confinement [had] been frequently or recently applied unsuccessfully" to the Defendant, that "full probation would unduly depreciate the seriousness of the offense given this particular situation," and that incarceration was "suited to provide an effective deterrence[.]" Therefore, the trial court ordered the Defendant to serve his sentence in the Department of Correction.

*Motion for New Trial*

The Defendant filed a timely Motion for New Trial in which he argued that the evidence was insufficient for a rational trier of fact to find him guilty of failure to appear beyond a reasonable doubt and that his sentence was excessive and contrary to law. Following a hearing, the trial court denied the Motion for New Trial on both grounds. This timely filed appeal followed.

## II. Analysis

*Sufficiency of the Evidence*

On appeal, the Defendant argues that the evidence at trial was insufficient for a rational trier of fact to find the Defendant guilty of failure to appear beyond a reasonable doubt. The State responds that the evidence was sufficient for a reasonable juror to find the Defendant guilty.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. Id. Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. Bland, 958 S.W.2d at 659; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. Bland, 958 S.W.2d at 659; Tuggle, 639 S.W.2d at

914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." State v. Vasques, 221 S.W.3d 514, 521 (Tenn. 2007).

A defendant commits the offense of failure to appear when they "knowingly fail to appear as directed by a lawful authority if the person[] . . . [h]as been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding or penal institution at a specified time or place . . . ." Tenn. Code Ann. § 39-16-609(a)(4) (2015). A person may defend against the charge of failure to appear by showing that "[t]he appearance is required by a probation and parole officer as an incident of probation or parole supervision; or [t]he person had a reasonable excuse for failure to appear at the specified time and place." Tenn. Code Ann. § 39-16-609(b)(1)-(2). "If the occasion for which the defendant's appearance is required is a Class A misdemeanor or a felony, failure to appear is a Class E felony." Tenn. Code Ann. § 39-16-609(b)(e).

When viewed in the light most favorable to the State, the evidence at trial established that the Defendant was arrested for sale of a Schedule II drug, possession of a Schedule II controlled substance for resale, possession of a Schedule VI controlled substance for resale, all of which are felonies, and possession of drug paraphernalia, a Class A misdemeanor. The Defendant was scheduled to appear in general sessions court on January 27, 2015, as reflected on the warrants and the bond contract. Additionally, Assistant Director Miller testified that, when he informed the Defendant that his court appearance was set for 9:00 p.m. on January 27, 2015, the Defendant corrected him and noted that the court appearance was at 9:00 a.m., not p.m. However, the Defendant failed to appear in court on January 27, 2015. Director Lane specifically looked for the Defendant in the courtroom when he was scheduled to appear and did not observe the Defendant in the courtroom. Further, Director Lane testified that the Defendant did not reply when his name was called by the general sessions judge. Neither of the defenses listed in the statute apply to the Defendant; the Defendant told Director Lane that he failed to appear because he was afraid of being arrested, which is not a reasonable excuse. Additionally, the Defendant was not ordered to appear in court as a condition of probation. Based upon this evidence, we conclude that a rational trier of fact could have found the essential elements of failure to appear beyond a reasonable doubt in the Defendant's case. The Defendant is not entitled to relief on this ground.

*Excessive Sentence Contrary to Law*

The Defendant also argues that his six-year sentence at sixty percent release eligibility is "excessive and contrary to law." More specifically, the Defendant argues that "the weight given [to enhancement or mitigating factors] did not comply with the

'purposes and principles' of [the Sentencing A]ct." The Defendant also contends that "the punishment imposed does not fit the crime or offender." The State responds that the trial court properly sentenced the Defendant as required by statute.

When the record clearly establishes that the trial court imposed a sentence within the appropriate range after a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2015), Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c) (2015).

Although the trial court should also consider enhancement and mitigating factors, such factors are advisory only. See Tenn. Code Ann. § 40-35-114 (2015); see also Bise, 380 S.W.3d at 699 n. 33, 704; State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). We note that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. "[Appellate courts are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346. To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-30-210(e) (2015); Bise, 380 S.W.3d at 706.

A career offender is defined as "a defendant who has received[] . . . [a]t least six[] prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony." Tenn. Code Ann. § 40-35-108(a)(3) (2015). "A defendant who is

found by the court beyond a reasonable doubt to be a career offender <u>shall</u> receive the maximum sentence within the applicable Range III." Tenn. Code Ann. § 40-35-108(c) (emphasis added).

The trial court properly sentenced the Defendant to six years at sixty percent release eligibility. The career offender statute explicitly requires that a trial court order the maximum possible sentence within Range III for a career offender. Here, the trial court found that the Defendant was a career offender beyond a reasonable doubt. The Defendant does not contest this finding. As previously noted, the Defendant was convicted of failure to appear as a Class E felony. A Range III sentence for a Class E felony is "not less than four (4) nor more than six (6) years." Tenn. Code Ann. § 40-35-112(c)(5) (2015). Therefore, the trial court properly ordered the Defendant to serve the maximum sentence in Range III of six years for failure to appear, a Class E felony. <u>See, e.g.</u>, <u>State v. Jimmy Ray Massey, Jr.</u>, No. M2013-00362-CCA-R3-CD, 2013 WL 3967686, at *2 (Tenn. Crim. App. Aug. 1, 2013) (holding that the "six-year sentence imposed by the trial court was the mandatory sentence required under the statute" for a conviction of failure to appear, a Class E felony, when the defendant was a career offender), <u>no perm. app. filed</u>. The trial court did not abuse its discretion by sentencing the Defendant to the maximum sentence for a Range III career offender.

Finally, the Defendant's argument that the trial court improperly weighed the enhancing or mitigating factors is without merit. <u>See</u> <u>Carter</u>, 254 S.W.3d 335, 345 (Tenn. 2008) ("[A] a trial court's weighing of various mitigating and enhancement factors has been left to the trial court's sound discretion. . . . [E]ven if a trial court recognizes and enunciates several applicable enhancement factors, it does not abuse its discretion if it does not increase the sentence beyond the minimum on the basis of those factors. Similarly, if the trial court recognizes and enunciates several applicable mitigating factors, it does not abuse its discretion if it does not reduce the sentence from the maximum on the basis of those factors[]").

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE